IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| RUBEN CAMP, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | **No. 3:11-CV-154 (CAR)** |
| THE GOODYEAR TIRE & RUBBER | : | |
| COMPANY, | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## <u>ORDER ON PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE</u>

Before the Court is Plaintiff Ruben Camp's Motion to Dismiss Without Prejudice [Doc. 18].   Having considered the matter and the relevant case law, Plaintiff's Motion to Dismiss Without Prejudice [Doc. 18] is **GRANTED**.

## BACKGROUND

Plaintiff Ruben Camp began working for Defendant, The Goodyear Tire & Rubber Company[1] ("Goodyear"), in September 2006 as a Vent Press Operator. According to his amended Complaint, Camp endured persistent verbal and physical

---

[1] Goodyear's Notice of Removal represented that Camp had incorrectly named Goodyear in its Amended Complaint.   Goodyear stated that it is correctly named The Goodyear Tire & Rubber Company.

abuse from October 2006 until May 2010, because of his sexual orientation.  These incidents, caused by his managers and co-workers, included name calling, crotch grabbing, and whistling, as well as more severe conduct such as having a rubber dildo shoved forcefully up his buttocks and being hit repeatedly with a chair on his left shoulder and back.  Camp and other non-offending coworkers consistently reported this conduct to several members of Goodyear's upper level management team.  In large part, this conduct went without consequence.

Procedural History

Goodyear removed the instant action from Walton County Superior Court on October 24, 2011.  Prior to removal, Camp's original complaint alleged claims of intentional infliction of emotional distress ("IIED"), negligent retention, and assault and battery against Goodyear and several managers and coworkers.  Shortly thereafter, Camp amended his Complaint, alleging only IIED and negligent retention and hiring against Goodyear.[2]  Goodyear filed its answer in this Court on November 11 and asserted the following affirmative defense: "Camp's negligent hiring and retention claims fail as a matter of law because they are derivative claims and cannot survive with [sic] a viable underlying state tort claim."  [Doc. 4].

_____

[2] It is this amended Complaint that was removed and forms the basis of the instant suit.

Discovery formally commenced on January 9, 2012, and was to be completed by May 11, 2012. Based on the parties willingness to participate in binding arbitration, an arbitration hearing was scheduled for June 22. By April, the parties had exchanged their initial disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules and Civil Procedure and had "engaged in limited written discovery." [Doc. 13]. Additionally, the parties had scheduled depositions to begin early May. As indicated in the parties' Joint Discovery Status Report submitted March 29, 2012, Camp did not timely respond to Goodyear's initial interrogatories and requests for production of documents. The Report indicated, however, that Camp would do so no later than April 6. For all intents and purposes, this appears to have been completed.

During discovery, Camp learned that he needed to add additional parties and claims in order to successfully pursue his negligent hiring and retention claim against Goodyear. Camp and Goodyear attempted to resolve this dilemma outside of the Court, but were ultimately unsuccessful. When Camp decided to file the instant Motion, the parties agreed to postpone the depositions pending its resolution.

On May 2, 2012, Camp filed the instant Motion, asserting that dismissal without prejudice is warranted under Rule 41(b) and Rule 19(b). Camp requests that this Court dismiss the instant action so that he can re-file his claim in state court and add

claims of assault and battery against four supervisors and three co-workers, three of which were named in Camp's original complaint before removal.  Camp also intends to add a claim of failure to maintain a safe work environment against Goodyear.  On May 7, 2012, the Court granted Camp's request to stay proceedings, including the scheduled arbitration on June 22.

## DISCUSSION

Camp's Motion argues that a dismissal without prejudice is warranted under both Rule 41(a)(2) and 19(a).  Because the Court concludes that dismissal is proper under Rule 41, the Court need not discuss the application of Rule 19.[3]  In addition to objecting to Camp's Motion, Goodyear argues that if Camp re-files the instant matter in state court, curative conditions should be imposed.  The Court will consider each of these issues in turn.

<u>Voluntary Dismissal</u>

---

[3] In asserting this argument, Camp ignores the first step of the analysis in Rule 19(a) and immediately argues that this action must be dismissed under Rule 19(b).  However, the Court notes that before it can decide whether dismissal is appropriate, the Court must first conclude that the party is necessary and that joinder is not feasible.  <u>See</u> <u>Focus on the Family v. Pinellas Suncoast Transit Auth.</u>, 344 F.3d 1263, 1279-80 (11th Cir. 2003) ("First, the court must ascertain under … Rule 19(a) whether the person in question is one who should be joined if feasible.  If the person should be joined but cannot be … then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue.").

Rule 41(a)(2) requires a plaintiff to seek a court's permission to dismiss an action.  Under this Rule, the court has discretion to grant or deny a motion to voluntarily dismiss based on the circumstances of the case.  McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986).  When making this determination, a court should focus on the interests of the defendant because Rule 41(a)(2) was intended to protect defendants.  Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502, 1503 (11th Cir. 1991).  However, in most cases "a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result."  Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (quotation omitted) (emphasis in original).

Goodyear claims that dismissal without prejudice at this juncture would impose clear legal prejudice against Goodyear because it would "face the prospect of prolonged litigation and a potential jury trial at some later date." [Doc. 18, p. 7].  This argument is without merit.  Subjecting Goodyear to the prospect of a second lawsuit on the same set of facts is insufficient to constitute plain legal prejudice to justify denying such a motion.  Pontenberg, 252 F.3d at 1255.  Additionally, while the parties have engaged in some discovery, it appears to be limited, at best.  At this time, the parties have not conducted any depositions and the parties' arbitration hearing was

5

postponed pending the result of the instant Motion.  See Jones v. Smartvideo Techs., Inc., No. 1:06-cv-2760-WSD, 2007 WL 1655855, at *1 (granting dismissal under Rule 41(a)(2) when parties had answered a total of five sets of written discovery, no depositions had been taken, and dispositve motions had not been filed).

There is also no indication that Camp is seeking dismissal to avoid an adverse ruling in federal court.  As Goodrich notes, neither party has filed a dispositive motion, and from the pace of discovery, it appears that neither party is anywhere close to filing such a motion.  In opposition, Goodyear argues that the legal deficiency in the amended Complaint would lead to an adverse result, and thus that Camp is seeking dismissal to avoid this result.  However, this speculation by no means indicates that Camp is attempting to avoid an adverse ruling.  Goodyear does not have a pending motion to dismiss Camp's claims based on this deficiency.  Additionally, while the time to amend without court permission has expired, Camp would still be in a position to request a motion for leave to amend, depending on a showing of good cause.

Although the Court concludes that Camp is not trying to avoid an adverse ruling, the Court does acknowledge that this legal deficiency is prejudicial to Goodyear because Goodyear raised this issue as an affirmative defense in November.

However, in light of the rest of the circumstances, the Court concludes that this, by itself, is an insufficient basis from which to conclude that Defendant will suffer plain legal prejudice.  In sum, the Court concludes that Goodyear will not suffer plain legal prejudice as a result of such a dismissal.  Plaintiff's Motion is **GRANTED**.

<u>Curative Conditions</u>

In its Response Brief, Goodyear argues that Camp should pay Goodyear's reasonable attorney's fees and costs incurred in this action should Camp elect to re-file.  Rule 41(d) states, "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court … may order the plaintiff to pay all or part of the costs of that previous action…."  Fed. R. Civ. P. 41(d).  Under this Rule, a court has broad discretion to award fees and costs.  <u>See</u> <u>Pontenberg v. Boston Scientific Corp.</u>, 252 F.3d 1253, 1256 n.2, 1260 (11th Cir. 2001).  Thus, "a court, in its discretion, should assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d) and whether the facts surrounding the case justify an award of costs to prevent prejudice to the defendant."  <u>Wishneski v. Old Republic Ins. Co.</u>, No. 5:06–cv–148, 2006 WL 4764424, at *2 (M.D. Fla. Oct. 10, 2006).

7

The factors to consider in determining whether to award a party costs under Rule 41(d) include the costs incurred by the moving party on dispositive motions and the expense of relitigating issues that might be mitigated by recyclable legal work from the original case in state court.  Id. at 700.  Other factors that have been cited as relevant to this type of analysis are the amount of time the previous case was litigated before dismissal and the relative evidence of "bad faith" or "abuse of the judicial process."  Fin. Bus. Equip. Solutions, Inc. v. Quality Data Sys., Inc., No. 08-60769-CIV, 2009 WL 1423931, at *2 (S.D. Fla. 2009) (citing Pafumi v. Davidson, No. 05-61679-CIV, 2008 WL 4084418 (S.D. Fla. 2008)).

Here, the Court notes that the sole reason Camp is requesting that this case be dismissed without prejudice is to re-file the instant action in state court with additional claims and additional defendants.  Notwithstanding, the Court concludes that none of the aforementioned factors warrant setting curative conditions.  As noted above, there is currently no dispositive motion pending.  Additionally, from the basis of the record, the Court concludes that some, if not all, of the legal work would likely be recyclable, and, is therefore not compensable.  See Wolf v. Pac. Nat. Bank, N.A., No. 09-21531-CIV, 2010 WL 1462298, at *4 (Mar. 18, 2010) ("It is well understood that an award of fees for purposes of Rule 41 should not award such fees when the work

involved will prove necessary for the ultimate resolution of the second-filed action.).

Finally, the parties have only engaged in written discovery and the Court can find no

indication of bad faith or abuse of the judicial process.

## CONCLUSION

Based on the foregoing, Camp's Motion to Dismiss Without Prejudice [Doc. 16]

is **GRANTED**.  Defendant's request for curative conditions pursuant to Rule 41(d) is

**DENIED**.

**SO ORDERED,** this 17th day of July, 2012.

<u>S/  C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH